ORDERED ACCORDINGLY.

Dated: August 8, 2018



_____
**Brenda K. Martin, Bankruptcy Judge**

**James R. McDonald, Jr., bar # 013604**
**McDonald Law Offices, PLLC**
1907 E. Broadway, Suite 1
Tempe, Arizona 85282
Phone: (480)968-3100
Fax: (480)968-7910
mcdonaldlaw@azbar.org

## IN THE UNITED STATES BANKRUPTCY COURT

## OF THE DISTRICT OF ARIZONA

| In re: | Chapter 13 |
|---|---|
| **Chris Daniel Chacon, Sr.** **&** **Lucille Mendoza Chacon,** | Case No. 2:17-bk-10439-BKM |
| | **SECOND AMENDED STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN** |
| Debtors. | |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:

| Months | Amount | |
|---|---|---|
| 1 - 60 | $1,250.00 | (October 2017 through September 2022) |

The payments are due on or before the 5th day of each month commencing October 5, 2017. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed complete.

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for post-petition years ending 2017, 2018, 2019, & 2020 within 15 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

(2) Other Property.  *None.*  In the event that other property is submitted, it shall be treated as supplemental payments.

(B) **DURATION.**  This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above.  If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.  In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.**  Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor.  This Order does not allow claims.  Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure.  The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative expenses:

Attorney Fees.  ***McDonald Law Offices***, shall be allowed total compensation of $6,053.93 for fees and costs. Counsel received $863.00 prior to filing this case and will be paid $5,190.93 by the Chapter 13 Trustee upon entry of an Order for Payment of Administrative Expense in this case.  The fee arrangement in this case is based on an hourly fee.  A fee application was filed with the court on 1/22/18 and a fee order is pending in the amount of $5,190.93.

(2) Claims Secured by Real Property:

(a) Vanderbilt Mortgage, secured by a first deed of trust in the Debtors' residence, shall be paid the prepetition arrearage of $557.14 with 0% interest.  Regular post-petition payments will be made directly by the Debtors to the secured creditor.

(b) Arizona Federal Credit Union, secured by a second deed of trust in the Debtors' residence, shall be paid the prepetition arrearage of $16,072.98 with 0% interest. Regular post-petition payments will be made directly by the Debtors to the secured creditor.

(c) Wells Fargo Home Mortgage, secured a deed of trust in the Debtors' residence, shall be paid the prepetition arrearage of $15,139.72 with 0% interest.  Regular post-petition payments will be made by the Debtors to the secured creditor.

(3) <u>Claims Secured by Personal Property</u>:

    (a) Southern Hills Acceptance, LLC, secured by a lien in a 2010 Nissan Altima, shall be paid $11,184.00 with 4.75% interest. The creditor will receive adequate protection payments of $100.00 per month. The balance of the claim shall be classified as an unsecured non-priority claim.

(4) <u>Unsecured Priority Claims</u>:

    (a) The Department of the Treasury/Internal Revenue Service shall be paid an unsecured priority claim of $5,230.11 with no interest for the tax years ending 2014, 2015 & 2016.

(5) <u>Surrendered Property</u>. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

    None.

(6) <u>Other Provisions</u>:

    (a) The apartment lease with Rancho Murietta is rejected.

(7) <u>Unsecured Non-priority Claims</u>. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328. ***All allowed unsecured claims must be paid in full before the Plan is deemed complete.***

3

*In re* _____

    *Case No.* _____

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C §1306.

ORDER SIGNED ABOVE
Approved as to Form and Content By:

_____ *RBrown* Russell Brown
*Russell Brown*, Trustee 2018.08.08 15:53:30 -07'00'

*James R. McDonald Jr.* (signature)
_____
*James R. McDonald, Jr.*
Attorney for Debtors

4

*In re* _____

*Case No.* _____